PARKER COUNTY v. J. R. COURTS & CO.

(No. 3606.)

</div>

COUNTY SCRIP.— Want of seal does not invalidate same; registration no bar to defense of invalidity. Purchasers take risk of genuineness of signature and also of official character of him who issues same.

APPEAL from Parker county. Opinion by WALKER, J.

STATEMENT.— The appellant's first ground of assigned error is that "the court erred in sustaining appellees' de-

murrer to appellant's special plea, denying the validity of the purported obligations sued upon, because the same were not sealed with the seal of the county court, pursuant to the act of August 13, 1870, and charging that the same were void *ab initio*, and in striking out said plea." The purport of the special plea referred to above is, in effect, that county paper or scrip sued on by the plaintiff required, in order to give them any validity, the affixing officially to them, by the county clerk issuing them, the seal of the county court of Parker county; that said instruments were issued without it, and were consequently void. The plea alleged further that the registration of them, if made as alleged, was as against the county fraudulent, and that it could not create any obligation against it.

OPINION.— The act of August 13, 1870, did not alter in any respect the law as it had before existed, so far as it related to the jurisdiction of the county courts over the settlement of county accounts, or as to the manner in which their payment should be made. The act of 1848, and that of 1870, both used the following language, viz.: "The said courts shall have power to lay off and divide their respective counties into convenient precincts for the election of justices of the peace; . . . to allow and settle all county accounts and direct their payment in such manner and at such times as may meet the public interest." See § 33, Acts of 12th Leg. (1870), p. 108; Pasch. Dig., arts. 6111, 1229. Each of said acts provides specially that the county court may issue writs and process through the clerk of the court, and that the seal of the court shall be affixed to all such writs, but in express terms dispenses with the necessity of the seal as to writs of subpœna.

The scrip which is sued on is neither a writ nor process, but it is county indebtedness; and the account which is merged in it belongs to that class of county accounts which the statute contemplates the county court shall have power to settle and to "direct the payment of in such manner as may meet the public interest." See arts. 3388, 3395, P. D.

The defense set up in the plea under consideration is that the want of the seal of the county court on the instruments sued on rendered them invalid, and that their invalidity was not cured by the due registration of them. We are of a different opinion. We think, however, that such claims should be duly certified under the seal of said court, in order to assure the treasurer of their genuineness. The mere irregularity in form would not necessarily avoid the instruments if they were otherwise valid.

As has been stated, the statute not only does not prescribe a rule for the manner in which the county court shall pay county claims, but it confers a discretion on it on that subject which is limited only by what it deems to be "the public interest." See Code of Crim. Proc., art. 3395, P. D. In this case the draft was signed by the clerk and not by the presiding justice. We do not find any authority given to the clerk to issue instruments of this character. However, that point is not raised by the assignments of error. Where duly appointed officers or agents, acting within the scope of their authority, execute an instrument on behalf of a corporation, signing their own names and affixing their own seals, such seals are merely nugatory, and the instrument is to be regarded as a simple contract, and, if otherwise valid, binding on the corporation as such. Regents v. Detroit Young Men's Society, 12 Mich., 138; Blanchard v. Blackstone, 102 Mass., 343; Burrell v. Boston, 2 Cliff. C. C., 590; Heidelberg School District v. Horst, 62 Penn. St., 301.

Counties, although they are constituted by law public corporations, are integral political divisions of the state government, created by law with corporate endowments, as well as for local interests of the counties, and are regulated and governed by the laws of the state enacted from time to time by the legislature. It is apparent, therefore, that they do not act subject to the conditions in such public corporations,— often require them to contract and perform many of the functions through a common corporate seal. Counties do not exercise their corporate rights and duties

exclusively through a single tribunal, nor are they exercised through a common seal of their public political corporations; but they perform them under the general laws of the state, administered through such courts, commissioners, statutory tribunals of various kinds, agents, officers, committees and other agencies, each independent, but acting in concert with the other.

If the action of the county court was authorized by the statute it is not material to inquire whether the act in question was under a corporate or other seal, or whether it was evidenced by writing or was merely verbal.

Appellant's second assignment of error is that "the court erred in sustaining appellees' general demurrer to appellant's plea of *non est factum*, denying the execution of said scrip *in toto* by the county or any of her legally authorized agents, and alleging that the same did not purport to be sealed and delivered as the legal act of said county; and that it was a forgery against said county, and in striking out the same upon demurrer, and denying appellant a new trial upon the issues raised." The plea was held insufficient by the court on demurrer, and as it fully met all the requirements of a plea of *non est factum*, so far as former allegations are concerned, the demurrer to it was evidently sustained upon the ground that the imputed forgery did not constitute an answer to the petition, which alleged that the claims sued on were duly registered under the act of May 1, 1874 (14th Leg., 189), providing for the registration of county claims. The plaintiffs alleged in their petition the due registration of the drafts on 21st of July, 1874, by the then holder of them, and that they afterwards, on the 24th of September, 1874, became owners by purchase and for a valuable consideration paid. It is urged by the appellees' counsel that the registration was in legal effect an adoption and approval of the claims by the county, and that the defendant is concluded by the action of the county court from questioning their validity in the hands of an innocent purchaser for value. We do not

think that a county, by registering its indebtedness and by the approval of the claims thus registered by the county court, is estopped from setting up a defense that a claim thus registered is void. See Burroughs on Securities, pp. 632, 638, 639.

Purchasers of municipal securities must always take the risk of the genuineness of the official signature of those who execute the paper they buy. This includes not only the genuineness of the signature itself, but the official character of him who makes it.

These rules clearly allow the right of the county of Parker to show the invalidity of the draft sued on, by permitting it to establish the facts set forth in the plea of *non est factum*, notwithstanding the drafts were originally issued and subsequently duly registered and approved by the county court, and that the holders of them are innocent purchasers for value.

<div align="right">REVERSED AND REMANDED.</div>